### FARRELL *vs.* HIGLEY.

If a householder own a cow and ten sheep, so much hay as will be necessary for their feed during the next foddering season after harvesting the hay, is exempted from levy and sale on execution by 2 R. S., 254, § 169, subd. 4, and 367, § 22.

That part of the statute which exempts necessary pork, beef, fish, &c., provided for family use, was intended to protect such a quantity of the specified articles as would be necessary for the family until the next annual period for laying up such provisions. *Per* BRONSON, J.

The limitation to sixty days applies only to necessary *fuel* for the use of the debtor's family.

To create an estoppel *in pais*, it is not only necessary to show that one party has made an admission designed to influence the conduct of another, but that the admission has been acted upon by the latter.

Accordingly, where goods were taken under a justice's execution, and, at the time of the levy, the constable was informed by the debtor that he had sold the goods to a third person, but the constable nevertheless took and sold them; *held*, in trespass by the debtor, that he was not estopped from showing that the goods belonged to him. (*a*)

ERROR to the Chenango common pleas.   The cause originated in a justice's court, where Higley sued Farrell in trespass for taking a quantity of hay, oats and potatoes. The property was taken under a justice's execution in favor of Farrell against Higley, who was a householder, and owned a cow, two hogs and ten sheep.   He claimed that the goods in question were exempt from seizure on execution, and the justice rendered judgment in his favor for $10.50, which

---

(*a*) See *Pike* v. *Acker*, post, p. 90.

was affirmed by the common pleas on certiorari. Farrell sued out a writ of error. The other facts are sufficiently stated in the opinion of the court.

*R. Judson,* for the plaintiff in error.

*G. M. Smith,* for the defendant in error.

*By the Court,* BRONSON, J. The sale was in October, and Higley was allowed to inquire on the trial before the justice, how much hay would be necessary to keep the cow and sheep *through the winter.* Farrell insists that the inquiry should have been restricted to *sixty days.* The statute exempts from sale on execution, " all sheep to the number of ten, &c.; one cow, two swine, *the necessary food for them;* all necessary pork, beef, fish, flour and vegetables, actually provided for family use; and necessary fuel for the use of the family *for sixty days.*" (2 R. S., 254, § 169, and 367, § 22.) As I read the section, the restriction to sixty days only applies to fuel. If it extends to any thing else, it must then apply to " pork, beef, fish, flour, and vegetables," concerning which the statute gives a different rule, to wit, that they must be " necessary," and " actually provided for family use." This will cover and protect such a quantity of the specified articles as is usually provided and laid up for the year; or, rather, such a quantity as will be necessary for the family until the next annual period for laying up such provisions. As to food for cows and sheep, the statute gives no other rule than that it shall be " necessary." This, like all other statutes, must receive such a reasonable construction as will best answer the end which the legislature had in view. (*Hall* v. *Penny,* 11 Wend., 44.) It does not mean " necessary food for a single day only, nor does it mean food for five years. In the summer months, when cattle and sheep are depasturing, no such food as the statute contemplates is necessary, and probably none is protected. But after the grass is cut and converted into hay, I think so much is exempt as will be necessary for the next foddering season.

As swine are usually fattened and killed in the fall or early in the winter, and as these swine were in fact killed in December, the inquiry in respect to the food for them should have been limited to that period. But although it took a wider range, it was only made in relation to the oats, and as to those Farrell was acquitted. The judgment was confined to the damages for taking hay and potatoes. It appears, therefore, that putting the question too broadly has done him no injury. As to the hay, the inquiry was properly extended to the whole winter; and as to the potatoes it was properly extended until the next annual season for laying up such vegetables for family use.

When the constable made his levy, Higley told him he had sold the property, or a part of it to Doct. Baker; and it is insisted that Higley is now estopped from denying the admission, and claiming the property. But to create an estoppel *in pais* it is not only necessary to show that one party has made an admission designed to influence the conduct of another, but that the admission has been acted upon by the other party. (*Wallis* v. *Truesdell*, 6 Pick., 455; *Dezell* v. *Odell*, 3 Hill, 215.) The constable did not act upon the admission. On the contrary, he acted just as though no such declaration had been made, and took and sold the goods as the property of Higley. There was no estoppel in the case.

Judgment affirmed.